**Ayers National Bank of Jacksonville, Illinois, and Elmer J. Henderson, Defendants in Error, v. William Barber et al., Plaintiffs in Error.**

### (Not to be reported in full.)

Error to the Circuit Court of Morgan county; the Hon. FRANK W. BURTON, Judge, presiding. Heard in this court at the April term, 1917. Reversed. Opinion filed October 11, 1917. Rehearing denied December 1, 1917.

### Statement of the Case.

Bill in the nature of a creditor's bill by the Ayers National Bank of Jacksonville, Illinois, a corporation, and Elmer J. Henderson, judgment creditors of William Barber, complainants, against William Barber, Anna Margaret Barber, his wife, Pearl Frost, James E. Barber, Grace W. Barber, Lizzie Heminghaus and Clara Heminghaus, defendants, to set aside a conveyance of certain lands formerly owned by William Barber to one Pearl Frost, and by the grantee to Anna Margaret Barber, the consideration for which was the

assumption of certain indebtedness of William Barber to defendants Heminghaus, and to require defendants James E. Barber and Grace W. Barber to turn over to complainants the sum of $1,000, secured by mortgage on premises, conveyed by defendant Anna Margaret Barber to James E. Barber, to satisfy an alleged indebtedness of William Barber to James E. Barber, the payment of such indebtedness constituting a part consideration for the deed from William Barber to Anna Margaret Barber. The case was later dismissed as to said James E. Barber, Grace W. Barber, and defendants Heminghaus, and defendant Frost filed a disclaimer. Later the bill was amended naming James E. Barber and Grace W. Barber as parties defendant. From a decree that the property conveyed to James E. and Grace W. Barber be subjected to the debts of William Barber and that James E. and Grace W. Barber pay to complainants such sum of $1,000, to be credited pro rata on the respective judgments, defendants bring error.

MASTERS & MASTERS, for plaintiffs in error.

BELLATTI, BELLATTI & MORIARTY, for defendants in error.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

## Abstract of the Decision.

1. FRAUDULENT CONVEYANCES, § 268*—*when evidence shows conveyance by husband to wife was for adequate consideration.* On a bill in the nature of a creditor's bill, evidence *held* sufficient to show that a conveyance by a husband of property to his wife was based upon a sufficient consideration and was not made with intent to hinder, delay or defraud creditors.

2. FRAUDULENT CONVEYANCES, § 268*—*when evidence shows that*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.